UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SHAWN M. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 3:15-CV-449-TLS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

The Petitioner filed a pro se Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [ECF No. 3], challenging his state court conviction and six-year sentence for theft committed in St. Joseph County, Indiana (*State v. Davis*, NO. 71D01-1006-FD-476). The Respondent argues that the Petitioner's claims are untimely and, alternatively, that such claims are unexhausted.

**A.     Motions for Appointment of Counsel**

As a preliminary matter, the Petitioner moves for the appointment of counsel [ECF Nos. 10–11]. Unlike a criminal defendant, an indigent civil litigant does not have a right to counsel at public expense. *See Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) ("It is . . . well established that a criminal defendant enjoys [a] right to counsel through his first appeal . . . but that, once the direct appeal has been decided, the right to counsel no longer applies.") (internal citation and quotation marks omitted); *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (finding that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court). A state prisoner pursuing federal habeas relief is entitled to appointed counsel only when he is under a death sentence, *see* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855 (1994); or when the court determines that an evidentiary hearing is needed to

resolve the petition, RULE 8(C) of the RULES GOVERNING SECTION 2254 CASES. Because the facts and circumstances of this case do not warrant the mandatory appointment of counsel, the determination as to whether the Petitioner should be appointed counsel is purely discretionary. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). The Court only abuses its discretion in declining to appoint counsel "if, given the difficulty of the case and the litigant's ability, [the Petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281 (internal brackets omitted).

First, the Court must make a threshold inquiry into whether the Petitioner has made a reasonable attempt to obtain counsel on his own. *Id.*; *Pruitt*, 503 F.3d at 654-55. The Petitioner states in general terms that he attempted to find counsel on his own, but provides only one letter [ECF No. 11 at 3] from an attorney that declined his case. He does not provide any additional information about whom he contacted, where the attorneys he contacted are located, when he contacted them, or what information he conveyed. It is unclear whether the attorneys he contacted practice in this jurisdiction or accept cases in this subject area. Thus, the Petitioner has not demonstrated compliance with the first prong of the *Winsett* inquiry; which, in and of itself, warrants denial of his motions for the appointment of counsel.

But even if the Court were to proceed further with the inquiry, the Petitioner has failed to demonstrate that he "could not obtain justice without an attorney" in this case. *Winsett*, 130 F.3d at 281. To date, the Petitioner has ably represented himself. He was able to file an amended habeas petition to cure the Court's noted deficiencies and make several other filings in connection with this

case. These filings contain detailed factual recitations in support of his position. The Court also considers that the Petitioner has had the wherewithal to pursue other potential remedies on his own, including his filing of a complaint of judicial misconduct with the Indiana Commission on Judicial Qualifications and a complaint about his attorney with the state bar. *See* ECF No. 11 at 5. And, finally, the determinative issue in this case—timeliness—is a procedural issue that is not a difficult concept for the Petitioner to present to the Court. It is based on facts known to him and contained in the record. Simply put, the Petitioner is able to litigate this case on his own; and therefore, even if the Petitioner satisfied the first prong of the *Winsett* inquiry, the Court would not conclude that justice requires the appointment of counsel in this case. Accordingly, the Petitioner's motions for the appointment of counsel are denied.

**B.     The Petition**

In deciding this habeas petition, the Court must presume that the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is the Petitioner's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts surrounding the Petitioner's offenses as follows:

> On May 29, 2010, Officer Chadwick Goben (Officer Goben) was investigating a report of an automobile theft in South Bend, Indiana, when he noticed Davis who was walking down the street. Officer Goben stopped Davis and asked him where he came from. Davis replied "the store." Officer Goben requested Davis to place his hands on the hood of his police car so he could be patted down. During the search, the Officer lifted up Davis' shirt and noticed three bottles of McGuire Ultimate Compound Wax and one bottle of McGuire's Ultimate Protection Cleaning in the pockets of Davis' trousers. All the bottles were new and unopened. Davis did not have a sale receipt for these items.
>
> Officer Goben asked dispatch to inquire at the nearby Auto Zone whether a recent theft had occurred there. The dispatch officer informed Officer Goben that a

> recent theft had occurred there but that the employees at the store had not had an opportunity to report the theft yet as they had been busy with customers. Officer Goben took Davis to the Auto Zone store, which was less than two blocks away. Davis remained in the patrol car while Officer Goben went inside the store to speak with Vernon Lighthall (Lighthall), the store manager. Lighthall identified Davis as an individual who had been in the store earlier that same day and who had been in the area of the store where the McGuire products are displayed. Lighthall told the Officer that Davis frequently visited the Auto Zone store. When Lighthall noticed was in the store, he asked him to leave as Auto Zone has a policy of asking possible shoplifters to leave the store instead of confronting them. After Lighthall identified Davis, Officer Goben showed Lighthall the four bottles of car products. Lighthall scanned the bottles' U.P.C. code into the computer and discovered that the store carried those products. Checking the shelves where the McGuire products are kept, Lighthall discovered four bottles missing.

*Davis v. State*, Cause Number 71A04-1011-CR-649, Slip. Op. at 2–3 (Ind. Ct. App. July 26, 2011); (ECF No. 16-5.)

The Petitioner was charged with theft and the State sought a habitual offender enhancement. (ECF No. 16-1 at 1–2.) On November 16, 2010, the Petitioner was sentenced to three years imprisonment for theft and his sentence was enhanced by three years for being a habitual offender. (*Id*. at 3.) Later, in November 2010, the Petitioner appealed to the Indiana Court of Appeals, arguing that the evidence was insufficient to support his theft conviction. (ECF No. 16-3 at 4–8.) On July 26, 2011, the Indiana Court of Appeals affirmed his conviction and sentence. (ECF No. 16-5.) The Petitioner did not seek transfer from the Indiana Supreme Court. (ECF No. 16-2 at 2–4.) In November 2012, the Petitioner filed a petition for post-conviction relief. (ECF No. 16-1 at 3, 5.) However, on March 9, 2015, the Petitioner moved to dismiss his post-conviction petition without prejudice, which was granted. (ECF No. 16-1 at 6, 10.) He has not re-filed a post-conviction petition in State court.

4

**1.**     *Statute of Limitations*

The Petitioner filed with the Court a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [ECF No. 1] on September 30, 2015; and an Amended Petition [ECF No. 3] on October 13, 2015. The Petitioner's habeas petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of——
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, the Petitioner's habeas claims do not involve newly discovered evidence or a newly

recognized constitutional right made retroactively applicable to cases on collateral review, nor does the Petitioner assert that a state-created impediment prevented him from filing his federal petition on time. (*See* ECF No. 3 at 16.) Thus, pursuant to § 2244(d)(1)(A), the Petitioner had one year from the date his conviction became final to pursue federal habeas relief. As stated above, the Petitioner's conviction was affirmed by the Indiana Court of Appeals on July 26, 2011, and he did not seek review in the Indiana Supreme Court; so therefore, his convictions became final when the time for seeking review in the Indiana Supreme Court expired. *See* IND. APP. R. 57(C)(1) (petition to transfer must be filed within 30 days of appellate court judgment); *Gonzalez v. Thayer*, 132 S. Ct. 641, 653-54 (2012) (finding that when a state prisoner does not seek direct review in the state court of last resort, his conviction becomes final when the time for seeking such review expires). Absent any period of tolling, the Petitioner's federal habeas petition was due in August 2012. The Petitioner did not file a petition before that deadline, and instead, waited until October 2015 to seek federal habeas relief.

Indeed, a properly filed application for state post-conviction relief will toll the limitations period under § 2244(d)(2). However, the post-conviction petition filed by the Petitioner in November 2012 did not toll the limitations period because the federal deadline had already expired when he filed it. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (observing that "a state proceeding that does not begin until the federal year has expired is irrelevant" for statute of limitations purposes). The Petitioner's voluntary dismissal of his post-conviction petition without prejudice did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *Id.* at 942-43.

When asked to explain why his habeas petition is timely under the provisions of

§ 2244(d), the Petitioner states that his habeas petition was filed within one year after his post-conviction relief petition was dismissed without prejudice. (ECF No. 3 at 5.) The Petitioner fails to acknowledge that he did not seek federal habeas relief within one year of the date his convictions became final. He also does not provide any grounds for excusing the untimeliness of his habeas petition. Accordingly, the Petitioner's claims for habeas relief are untimely.

**2.** *Unexhausted Claims*

Alternatively, the Petitioner's claims are also unexhausted. Before considering the merits of a habeas petition, the Court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025–26 (internal citations and quotation marks omitted).

It is undisputed that the Petitioner has not exhausted his state court remedies. He did not reach the Indiana Supreme Court in direct review or in post-conviction proceedings. Because his post-conviction petition was dismissed without prejudice, it is apparent that the Petitioner still

has a state court remedy remaining because he has not yet pursued state post-conviction relief.[1] *See* IND. POST-CONVICT. R. 1 *et seq.* Until the Petitioner presents his claims to the state courts in one complete round of review, he cannot obtain federal habeas relief. *Lewis*, 390 F.3d at 1026.

Under *Rhines v. Weber*, 544 U.S. 269 (2005), the Court has discretion to stay rather than dismiss a petition containing unexhausted claims when a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). The Court should consider whether a stay is appropriate even in the absence of a specific request from the petitioner. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). But as the Respondent correctly points out, the stay and abeyance procedure set forth in *Rhines* is limited to timely petitions. *See Rhines*, 544 U.S. at 275; *see also Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009) (finding that an untimely petition cannot be stayed under *Rhines*), *cert. denied*, 130 S. Ct. 3522 (2010). Again, the Petitioner's federal habeas petition is untimely, as it was filed several years after the Petitioner's conviction became final.

And even if the stay and abeyance procedure was available to the Petitioner, the Supreme Court has made clear that a stay is appropriate only when "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. There is nothing before the Court to indicate that the Petitioner had good cause for failing to pursue his state court remedies. For these reasons, the Petitioner failed to exhaust all available remedies prior to seeking federal habeas relief.[2]

---

[1]Although several years have passed since the Petitioner was convicted, the Indiana Post-Conviction Rules do not impose a specific time limit for seeking relief. *See Haynes v. State*, 436 N.E.2d 874, 876 (Ind. Ct. App. 1982).

[2]The Petitioner has also filed a number of motions in connection with his habeas claims. To start, he filed a motion [ECF No. 13] objecting to the timeliness of the State filing its response [ECF No. 16]

C.  **Certificate of Appealability**

As a final matter, pursuant to RULE 11 of the RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation marks omitted). For the reasons fully explained above, the Petitioner's claims for habeas relief are untimely. Nothing before the Court suggests that reasonable jurists could debate the correctness of this procedural ruling or find a reason to encourage this case to proceed further. Accordingly, the Court declines to issue the Petitioner a certificate of appealability.

For these reasons, the Court:

(1) **DISMISSES** the Amended Petition for Writ of Habeas Corpus (ECF No. 3);

(2) **DENIES** the Petitioner's motions (ECF Nos. 10–11, 13–14, 18–19); and

(3) **DENIES** the Petitioner a certificate of appealability.

---

and accompanying state court record [ECF No. 17]. The State had up to February 4, 2016, in which to file its response and accompanying state court record. (See ECF No. 5.) Upon review of the docket, both of the State's challenged filings [ECF Nos. 16–17] were timely; and therefore, the objection is not well founded. Next, the Petitioner filed a motion [ECF No. 14] seeking a preliminary hearing to determine damages in this case. However, because this is a habeas corpus case, money damages are unavailable. Thus, even if the petition had merit (which it does not), there would be no need for such a hearing. The Petitioner also filed a motion [ECF No. 18] to traverse. However, this is not a motion at all; it is his traverse and the Court will accept and consider it as such. Lastly, he filed a motion [ECF No. 19] to amend his traverse. However, this is not a motion either; it is a supplement to his traverse and the Court will accept and consider it as such. For these reasons, each of the Petitioner's motions are denied.

SO ORDERED on February 29, 2016.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION